```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 11-20627-CIV-MORENO
                                    MAGISTRATE JUDGE P.A. WHITE

HAKAM SUELIMAN,                 :

      Plaintiff,                :

v.                              :      PRELIMINARY REPORT
                                       OF MAGISTRATE JUDGE
CYRUS BISCHOFF, P.A.            :

      Defendant.                :
_____
```

## I. Introduction

On February 23, 2011, the plaintiff Hakam Sueliman filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, [DE# 1], and on March 28, 2011, an amended complaint (DE#10).[1]

This cause is presently before the Court for initial screening of the complaint and amended complaint pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] Although the plaintiff did not timely file a sufficient motion to proceed <u>in forma pauperis</u>, he will be considered to be proceeding <u>in forma pauperis</u> for purposes of this initial screening.

>the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Statement of Claims

The plaintiff's complaint and amended complaint are almost identical. The sole defendant is Cyrus Bischoff, the plaintiff's privately retained defense counsel. The plaintiff was convicted, following the entry of a guilty plea in case no. 06-6694 for attempted armed robbery, two counts of solicitation and one count of conspiracy. He filed a petition for writ of habeas alleging his attorney failed to object to errors on his score sheet. The petition was granted to the extent that his conviction was not overturned, and his guilty plea remained in place, but he was re-sentenced (See Case no. 09-62059-Civ-Altonaga.)

He claims that his privately retained attorney was guilty of malpractice and was responsible for his incorrect sentence. Although he was ultimately sentenced to forty-eight months, he contends he served 10 additional months, in violation of his Fifth and Fourteenth Amendment.

Immunity

To successfully state a claim pursuant to 42 U.S.C. §1983, the plaintiff must demonstrate that a person or persons acting under color of state law deprived him of a federally protected right. West v Atkins, 487 U.S. 42,48 (1988); Polk County v Dodson, 454 U.S. 312 (1981), Holmes v Crosby, 418 F.3d 1256, 1258 (11 Cir. 2005). Defendant Attorney Bischoff, a privately retained attorney is immune from a §1983 suit for damages because he does not act

under color of state law. <u>Polk County</u>, <u>supra</u>, <u>Bure v State Attorney General</u>, 2010 WL 1524376 (SD Fla 2010).

### III. <u>Recommendations</u>

1. This complaint shall be dismissed for failure to state claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Hakam Sueliman, <u>pro Se</u>
    Wakulla County Jail
    Address of record